# COURT OF COMMON PLEAS OF BALTIMORE CITY.

Filed June 22, 1927.

ASBESTOS, LIMITED,
VS.
HUDSON CEMENT AND SUPPLY COMPANY.

*William A. Surratt* for plaintiff.
*Benjamin H. McKindless* for defendant.

O'DUNNE, J.—

The question here arises on motion for new trial. I have had some difficulty in reaching a conclusion because of the exact manner in which the question was presented. It arises upon a proffer of proof made by defendant in the course of his defense and while at

the time I sustained objection to the evidence, counsel for defense asked leave to dictate into the record proffer of proof, which was done quietly and not within hearing of the jury, nor did the Court at the time either hear or read the terms of the proffer but understood in a general way what the proffer was.

Since the argument of motion for new trial, at the request of Court, counsel for defense have been kind enough to cause to be written up and filed with the Court a ten-page stenographic proffer of proof, and in the subsequent consideration of the question the Court has called for and been furnished by both sides with the exhibits, to wit: two exhibits of the plaintiff, the contract and shipping order of November 3, 1924, and forty-four (44) exhibits of the defendant, consisting of correspondence and blue slip orders.

To my mind the proffer of proof taken separately as an academic question would seem to be within the terms of the decision of our Court of Appeals in Stouffer vs. Alford, 114 Md. 110, and Councill vs. Sun Ins. Office, 146 Md. 137. When considered, however, in connection with the forty-four exhibits of the defendant and particularly correspondence of the defendant company, I cannot escape the conclusion that the language of the Court of Appeals in the cases cited is not applicable to the facts of this case. The evidence and the correspondence of the defendant company indicate to my mind that they fully sense the fact they had entered into a written contract intending to be a contract and that the subject matter of the delay of payment was for the purpose of obtaining extended time for payment which, the correspondence indicates, was later granted them, and the attempt to repudiate the contract on the alleged ground of fraudulent inducement to enter into the same seemed to have come more as an afterthought and, to my mind, not at all consistent with their previous correspondence already filed in evidence by the defendant during the trial of the case.

For which reasons, in my opinion, the motion for new trial will be overruled; and, therefore:

It is ordered this 22nd day of June, 1927, that the motion for new trial be and the same is hereby overruled.